**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARPENTERS COMBINED FUNDS, INC., ) <br> by James R. Klein, Administrator, ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> ADVANCED BUILDERS, INC., LOUIS ) <br> RUSCITTO, ROBIN M. HETZELL, ) <br> MICHELLE T. HERRON and LISA M. ) <br> MURPHY, ) <br> ) <br> Defendants. ) | Civil Action No.  2:18-cv-1276 |

**COMPLAINT**

**COUNT I**
**Carpenters Combined Funds, Inc. v. Advanced Builders, Inc.**
**ERISA Collection Action**

1. Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §1132 and §1145, §404(b) 29 U.S.C. §1104, §406 29 U.S.C. §1106, §409 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185, in that Plaintiff is aggrieved by Advanced Builders, Inc.'s failure to pay fringe benefit contributions and wage deductions in violation of a certain labor agreement entered into with the Greater Pennsylvania Council of Carpenters and its affiliated local unions (hereinafter "**Carpenters' Union**"), an employee organization.

2. Plaintiff Carpenters Combined Funds, Inc. ("**Funds**") is a Pennsylvania non-profit corporation that maintains its principal place of business at 650 Ridge Road, Pittsburgh, Pennsylvania 15205.

3. Plaintiff administers various fringe benefit funds and acts as a collection agent for such funds as well as certain employer associations and unions. James R. Klein is the Administrator of such Funds.

4. The trustees of such funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff as their agent for the collection of contributions payable to such funds on behalf of their trustees, participants, and beneficiaries.

5. Defendant Advanced Builders, Inc. ("**Contractor**") is engaged in the business of operating a construction company, with its principal place of business at 321 Cobble Lane, Belle Vernon, Pennsylvania 15012-3898.

6. Defendant Contractor has entered into a labor agreement ("**Agreement**") with the Carpenters' Union pursuant to which such Defendant Contractor was obligated to submit certain monthly payments to Plaintiff for pension, medical, annuity/savings, apprenticeship and dues for the benefit of employees covered under such Agreement.

7. In violation of such Agreement, Defendant Contractor has failed to make timely payments of principal contributions and wage deductions to Plaintiff through August 2018, which has resulted in an estimated principal deficiency of $143,330.58. Employer is obligated to submit to the Funds its September 2018 reports with payments by October 30, 2018 and all future reports with payment by the 30th of the month following the month in which the work is performed. Plaintiff Funds estimate that each such monthly report will total at least $24,000.00. In addition, interest through September 30, 2018 is due of $12,623.18 and contractual/liquidated damages are due Plaintiff of $36,791.05, for a total deficiency of $192,744.81. Interest will continue to accrue after September 30, 2018 at the rate of $58.90 per day.

8. Plaintiff also claims any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by Defendant Contractor to the Plaintiff until the termination of this case.  If employer submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by Contractor to the Funds, interest will be assessed on the principal amount thereof at 1 ¼% per month and liquidated/contractual damages at ten (10%) percent times the principal amount owed by Defendant Contractor.  In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due in a subsequent legal action.

9. Plaintiff has demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

10. Pursuant to ERISA, Defendant Contractor is also obligated to Plaintiff to pay Plaintiff's reasonable attorneys' fees equal to twenty percent (20%) of the total delinquency, but not less than Eight Hundred Fifty Dollars ($850.00).  Such fees and expenses total $38,548.96 through September 30, 2018.  Plaintiff also claims attorneys' fees on any additional amounts shown to be due to Plaintiff until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

11. Defendant Contractor's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

12. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the federal statutes and labor agreement and is restrained from continuing to refuse to perform as thereunder required.

TADMS:5024036-1 010342-121545

WHEREFORE, Plaintiff demands the following relief against said Defendant Contractor:

(a)  A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such agreements and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff pursuant to such agreements, and enjoining Defendant Contractor from disposing of assets; and

(b)  For Defendant Contractor to be required to file complete and accurate remittance reports with Plaintiff covering all aspects of such Defendant Contractor's business operations from July 2018 through the present; and

(c)  For Defendant Contractor to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant Contractor's covered employees for the last three years to enable Plaintiff to verify the accuracy of the amounts paid and/or due and owing by Defendant Contractor to the Plaintiff; and

(d)  For a money judgment in favor of Plaintiff and against Defendant Contractor in the sum of $231,293.77, plus such additional amounts shown to be owed to Plaintiff until termination of this case, plus contractual/liquidated damages, attorneys' fees of 20% of total amount due, and costs of suit; and

(e)  For the Court to retain jurisdiction of the case pending compliance with its orders; and

(f)  For such other and further relief as the Court may deem just.

**COUNT II**
**Carpenters Combined Funds, Inc. v. Louis Ruscitto,**
**Michelle T. Herron, Robin M. Hetzell and Lisa M. Murphy**
**ERISA Breach of Fiduciary Duty Action**

13. The averments contained in paragraphs 1 through 12 are hereby incorporated by reference herein.

14. At all times material hereto, Louis Ruscitto served as the President, Robin M. Hetzell served as the Vice President, Michelle T. Herron served as the Secretary and Treasurer, and Lisa M. Murphy served as a corporate principal (collectively referred to as the "**Individual Defendants**") of Defendant Contractor at the address listed in Paragraph 5.

15. At all times material, Individual Defendants were and are responsible for overseeing the collection of all monies payable to Contractor resulting from the work performed by carpenters employed under such Agreement.

16. At all times material, Individual Defendants were also responsible for overseeing the submittal of monthly remittance reports and fringe benefit contributions to the Plaintiff Funds in Pittsburgh.

17. At all times material, Individual Defendants also had check signing authority, signed checks, and had the right to make decisions as to what obligations and/or payments of Contractor were to be paid and which ones were not to be paid.

18. At the time such fringe benefit contributions became due and payable by Contractor to the Funds, such monies became assets of the Funds.

19. At all times material, Individual Defendants were aware of the obligations of Contractor to timely pay fringe benefits to the Funds.

20. Individual Defendants prioritized payment of corporate expenses that personally benefitted him over payment to the Funds.

21. Based upon the foregoing, Individual Defendants constitute "fiduciaries" under ERISA.

22. Based upon the foregoing, Individual Defendants violated their duty of loyalty to the beneficiaries of the Funds.

23. Based upon the foregoing, Individual Defendants also breached their fiduciary duties to the Funds by failing to cause Contractor to pay to the Plaintiff such contributions once they became due and payable, and are therefore personally liable for all fringe benefits and associated interest, contractual/liquidated damages, attorneys' fees, and legal costs owed by Contractor to the Plaintiff.

24. The estimated principal contributions owed to Plaintiff total $131,864.13. In addition, interest through September 30, 2018 of $11,613.33 is due and contractual/liquidated damages of $33,847.77 are due to Plaintiff, for a total deficiency of $177,325.23. Interest will continue to accrue after September 30, 2018 at the rate of $54.19 per day.

25. Plaintiff also claims any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by Contractor to the Plaintiff until the termination of this case. Employer is obligated to submit to the Funds its September 2018 reports with payments by October 30, 2018 and all future reports with payment by the 30th of the month following the month in which the work is performed. Plaintiff Funds estimate that the fringe benefits due for each such monthly report will total at least $22,080.00. If employer submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by Contractor to the Funds, interest will be assessed on the principal amount thereof at 1 ¼% per month and liquidated/contractual damages at ten percent (10%) times the principal amount owed by Defendants. In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

26. Plaintiff has demanded from Individual Defendants payment of all such amounts due, but such Individual Defendants have neglected and continue to neglect to pay such amounts.

27. Pursuant to ERISA, Individual Defendants are also obligated to Plaintiff to pay Plaintiff's reasonable attorneys' fees of twenty (20%) of the total delinquency, but not less than Eight Hundred Fifty Dollars ($850.00). Such fees and expenses total $35,465.05 through September 30, 2018. Plaintiff also claims attorneys' fees of twenty (20%) percent on any additional amounts shown to be due to Plaintiff until termination of this case. In the alternative, the amount of such fees may be determined by the Court.

WHEREFORE, Plaintiff Funds demand that judgment be entered against Defendants, Louis Ruscitto, Michelle T. Herron, Robin M. Hetzell and Lisa M. Murphy, in the amount of $212,790.27, plus interest from September 30, 2018 at a per diem rate of $54.19, plus additional amounts shown to be due plus legal costs.

## COUNT III
### Carpenters Combined Funds, Inc. v. Louis Ruscitto, Michelle T. Herron, Robin M. Hetzell and Lisa M. Murphy
### State Common Law Conversion Action

28. The averments contained in paragraphs 1 through 9 of this Complaint are hereby incorporated by reference herein. The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

29. Pursuant to such Agreement, Contractor withheld monies from its employees' wages for union dues and legislative funds that were required to be remitted to the Plaintiff.

30. In violation of such Agreement, Contractor failed to remit such deductions for union dues and legislative funds to the Plaintiff.

31. At all times relevant to this action, Individual Defendants had the authority and the responsibility to remit such employee wage withholdings to the Plaintiff.

TADMS:5024036-1 010342-121545

32. At all times material, Individual Defendants exercised dominion and control over the estimated employee wage withholdings totaling $11,466.45, and authorized and/or permitted such monies to be used to pay other obligations of Contractor.

33. Employer is obligated to submit to the Funds its September 2018 reports with payments by October 30, 2018 and all future reports with payment by the 30th of the month following the month in which the work is performed. Plaintiff Funds estimate that the wage withholdings in each such monthly report will total at least $1,920.00.

34. Based upon the foregoing, Individual Defendants intentionally converted such monies that were rightfully due and payable to the Plaintiff.

35. Plaintiff is also entitled to receive from Individual Defendants, interest through September 30, 2018 on such late payments of $1,009.85, plus additional interest from September 30, 2018 of $4.71 per day.

WHEREFORE, Plaintiff Funds demand entry of a judgment in its favor and against Louis Ruscitto, Michelle T. Herron, Robin M. Hetzell and Lisa M. Murphy in the amount of $12,476.30 plus additional interest from September 30, 2018, plus additional amounts shown to be due, plus costs of suit.

**JURY TRIAL DEMANDED**  TUCKER ARENSBERG, P.C.

*/s/ Jeffrey J. Leech*
Jeffrey J. Leech
PA I.D. No. 19814
jleech@tuckerlaw.com
Neil J. Gregorio, Esquire
PA I.D. No. 90859
ngregorio@tuckerlaw.com

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Attorneys for Plaintiffs